UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ROBERT L. PAVONE and
VALERIE V. PAVONE,

              **Plaintiffs,**

            - against -                   1:08 C 2389 (MEA)
                                                       **MEMORANDUM OPINION AND ORDER**

LINDA PUGLISI, individually, ANN LINDAU,
individually, FRANCIS X. FARRELL,
individually, JOHN SLOAN, individually,
THOMAS WOOD, individually, and the
TOWN OF CORTLANDT,

              **Defendants.**
-----------------------------------------------------------

**MARVIN E. ASPEN**, United States District Judge:

Presently before us is Defendants' motion in limine. (Dkt. No. 98.) For the reasons stated below, we deny the motion.

## BACKGROUND

The facts of this case are set forth in the parties' Rule 56.1 statements (Dkt. Nos. 72-40, 76) and the court's summary judgment order. (Dkt. No. 80.) We need not repeat them here, except as relevant to the present motion. Defendants filed a motion for summary judgment on September 26, 2011, which Judge Seibel granted in part and denied in part. (Dkt. Nos. 72, 80.) In accordance with Judge Seibel's subsequent order for the parties to prepare for trial, Defendants filed a motion in limine on September 10, 2012. (Dkt. No. 98.) Instead of raising evidentiary issues, however, Defendants' motion makes a second attempt to win summary judgment on a claim that Judge Seibel previously allowed to move forward. Defendants argue that "based upon undisputed facts and newly established law, Mr. Pavone's claim for workers'

compensation equivalent benefits cannot proceed in this Court because Mr. Pavone has not, and cannot, prove that—as a condition precedent—he is legally entitled to workers' compensation benefits." (*Id.* at 1.) Plaintiffs argue that it is procedurally improper to make an argument for summary judgment in a motion in limine. (Dkt. No. 104 at 1–2.) They also argue on the merits that Defendants are not entitled to summary judgment on this claim. (*Id.* at 3–11.)

## DISCUSSION

The purpose of a motion in limine is to facilitate an efficient trial "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003). A motion in limine "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (quoting *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 315, 323 (D.D.C. 2008)). In most cases, this general rule would end our analysis, and we would dismiss this motion as procedurally defective. *See, e.g.*, *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08 C 00578, 2012 WL 503510, at *5 (D. Colo. Feb. 15, 2012) ("The Court will not allow Defendants to circumvent its practice standards and the Rules of Civil Procedure by raising a substantive legal issue in a motion *in limine*."); *Provident Life & Acc. Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D.Mich. 1997) ("If [plaintiff] wanted to preclude [defendant] from raising these defenses at trial because there was no genuine issue of material fact as to them,

then he should not have filed a motion *in limine* on the eve of trial, but instead should have filed a summary judgment motion pursuant to Federal Rule of Civil Procedure 56.").

Occasionally, however, courts in this district have converted motions in limine into motions to dismiss or motions for summary judgment and addressed them on the merits. *See Green Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 424 (S.D.N.Y. 2004) ("While dismissing claims is not the prototypical purpose of a motion in limine, such motions have sometimes been addressed on the merits. . .") (internal quotations omitted); *Fournier v. Erickson*, 242 F. Supp. 2d 318, 334–36 (S.D.N.Y. 2003) (collecting cases). Although courts do not always explain why they chose to proceed in this manner, presumably they have concluded that a ruling in limine is the most efficient and effective way to resolve a particular issue. *See, e.g., Fournier*, 242 F. Supp. 2d at 335 ("For purposes of efficiency, this court will address the merits of [the plaintiff's] motion."). Therefore, we review this motion to determine whether it falls into the small set of exceptional instances where a ruling on a dispositive motion at this stage would promote the efficient and effective resolution of the issue before us.

As an initial matter, we will not convert this motion in limine into a summary judgment motion without requiring additional briefing, including Rule 56.1 statements of undisputed facts and memoranda of law. The "crucial procedural safegaurds" that accompany summary judgment motions, *Bowers,* 563 F. Supp. 2d at 532, are not mere formalities; they help ensure the accurate resolution of claims as a matter of law. Defendants cannot evade the procedural requirements of Rule 56 by offering arguments for summary judgment in a motion in limine. *See Dry Clean Super Ctr*, 2012 WL 503510, at *5. Therefore, the question becomes whether it is more efficient at this stage for the parties to fully brief another summary judgment motion, or to resolve the

issue at trial.  We prefer the latter course, for two reasons.

First, Judge Seibel has already ruled on summary judgment that genuine issues of material fact exist regarding Plaintiff's eligibility for workers' compensation equivalent benefits and Defendants' reasons for denying them.  (Dkt. No. 80 at 9–11.)  Defendants' motion in limine does not address Judge Seibel's order or offer any compelling reason to depart from it.  Here, Defendants argue initially that Plaintiff is not entitled to workers' compensation as a matter of law because he cannot prove that his injury is causally related to his employment.  In support of this argument, they claim that: (1) Plaintiff has offered no witnesses competent to testify to medical causation; and (2) prior decisions by the New York State Retirement System denying benefits to Plaintiff have already determined that he did not suffer a work-related injury.  But this argument ignores the material questions of fact identified by Judge Seibel:

> [T]he Town previously paid workers' compensation benefits to Mr. Pavone . . . and a 1992 Town resolution and the version of the New York General Municipal Law 207-m then in effect also seemed to entitle Mr. Pavone to workers' compensation equivalent benefits, creating further fact issues regarding why the Town denied them. (Dkt. No. 80 at 9–10) (internal citations omitted).

In other words, even if we accepted all of Defendants' arguments at face value, we would still be left with the triable issues of fact regarding Plaintiff's eligibility for benefits that led Judge Seibel to deny summary judgment the first time.  We see nothing to gain, therefore, in proceeding through summary judgment again.

Second, in *Zamora v. New York Neurologic Association*, when the court reviewed a claimant's eligibility for disability benefits, it emphasized precisely the type of factual questions that properly belong before a jury.  19 N.Y.3d 186, 192, 970 N.E.2d 823 (2012).  Defendants argue that Plaintiff cannot possibly show "reasonable efforts at finding work within the limits of

the alleged disability," because the court in *Zamora* does not require the inference that "a post-accident loss of wages is attributable to physical limitation caused by the accident." (Dkt. No. 98 at 3.)  But while the court in *Zamora* does not *require* an inference of causation, it explicitly *permits* that inference.  *Zamora*, 19 N.Y.3d at 192, 970 N.E.2d 823 (". . . the Board may, but need not, infer that the claimant cannot find a suitable job because of her disability.").  The court further explained that the propriety of the inference will depend on "the circumstances under which claimant originally stopped full-duty work," including the "nature of the disability and the nature of the claimant's work."  *Id.*  It follows that the parties may present evidence, if otherwise admissible, of the specific facts surrounding the Plaintiff's decision to stop working and ask the jury to draw permissible inferences about whether a work-related disability led to that decision.  Rather than disposing of this issue as a matter of law, as Defendants argue, the holding in *Zamora* actually describes a fact-specific issue that would likely preclude summary judgment.  Accordingly, we decline to convert this motion in limine into a second motion for summary judgment at this late stage in the proceedings.

## CONCLUSION

The arguments presented by Defendants are not appropriate for a motion in limine. For the reasons explained, we decline to convert it into a motion for summary judgment. Therefore, we deny Defendants' motion in its entirety.

SO ORDERED:

/s/ Marvin E. Aspen
Marvin E. Aspen
United States District Judge

Dated:   Chicago, Illinois
         January 23, 2013